UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Darin William Thornton, | ) | CASE NO. 3:13cv533 |
| | ) | |
| Plaintiff, | ) | Judge Jeffrey J. Helmick |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | & ORDER |
| Toledo Police Department, | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* plaintiff Darin William Thornton filed the above-captioned *in forma pauperis* Complaint against the Toledo Police Department. For the reasons stated below, this action is dismissed.

The entire Complaint is three short paragraphs. The first begins with a list of the following three statutes: 18 U.S.C. §§ 242, 241 and 245. Plaintiff next states that the defendant conspired against his rights. He concludes his Complaint with a request for "judicial remedy."

I. INITIAL REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact, or is frivolous.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194,

---

[1] 28 U.S.C. § 1915(e) states, in pertinent part: "the court ... shall dismiss the case ... if the court determines that ... the action is frivolous or malicious ...fails to state a claim for relief".
    A frivolous claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly section 1915(d)] and is dismissing the complaint as frivolous. *McGore*, 114 F.3d at 608-09; *Spruytte*, 753 F.2d at 500; *Harris*, 784 F.2d at 224; *Brooks*, 779 F.2d at 1179.

1

197 (6th Cir. 1996).

## II. FAILURE TO STATE A CLAIM

A complaint may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179(6th Cir. 1985).

A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278.

Legal conclusions alone are not sufficient to present a valid claim, and this Court is not required to accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *see also, Place v. Shepherd*, 446 F.2d 1239 (6th Cir. 1971)(conclusory section 1983 claim dismissed). Even liberally construed, the Complaint does not contain allegations reasonably suggesting Plaintiff might have a valid federal claim. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

### III. CONCLUSION

Accordingly, Plaintiff's application to proceed *in forma pauperis* is granted and this action is dismissed under section 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**So Ordered.**

s/Jeffrey J. Helmick
*United States District Judge*

---

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."